**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHUNE FU, | No. 14-71162 |
| Petitioner, | |
| v. | Agency No. A089-718-850 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Chune Fu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

         **    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.   *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).   We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an omission from Fu's written statement regarding being fired from her job.   *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (upholding adverse credibility determination based on omissions that "went to the core" of petitioner's alleged fear of persecution).   In the absence of credible testimony, Fu's asylum and withholding of removal claims fail.   *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Fu's CAT claim fails because it is based on the same evidence the agency found not credible, and she does not point to any record evidence that compels the conclusion that it is more likely than not she would be tortured by or with the

acquiescence of the government if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**